## UNITED STATES v. JASICK.

(District Court, E. D. Michigan, S. D. August 3, 1918.)

### No. 6177.

1. INDICTMENT AND INFORMATION ⟐110(17)—THREATS AGAINST THE PRESI-DENT—STATUTORY LANGUAGE.

An indictment under Act Cong. Feb. 14, 1917, providing punishment for persons making threats to take the life of or inflict great bodily harm upon the President of the United States, which follows the language of the statute in alleging the crime charged, and informs the defendant fully of the nature thereof, and sets forth the exact language alleged to constitute the crime, is sufficiently definite.

2. HOMICIDE ⟐92—"THREAT"—LANGUAGE USED.

The assertions by the defendant that "if he could get to President Wilson he would shoot the blinded eye," and that "if he got a chance he would shoot President Wilson," constitute a threat to inflict bodily harm upon and to take the life of the President of the United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Threat.]

3. HOMICIDE ⟐92—THREAT AGAINST THE PRESIDENT—CONTINGENCY OF ABILITY—THREAT.

The mere fact that such threat was expressly made conditional upon the ability of defendant to carry it out does not render the same any the less a threat.

4. HOMICIDE ⟐92—THREATS TO KILL THE PRESIDENT—ELEMENTS OF OF-FENSE.

Under Act Cong. Feb. 14, 1917, a threat against the life of the President of the United States need not be communicated to the President to complete the offense.

Louis Jasick was indicted for violation of Act Cong. Feb. 14, 1917, by threatening to inflict bodily injury upon and to take the life of the President of the United States, to which indictment he demurs. Demurrer overruled.

John E. Kinnane, of Bay City, Mich., U. S. Dist. Atty.
A. J. Seltzer, of Detroit, Mich., for defendant.

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TUTTLE, District Judge. This is a demurrer to an indictment. The indictment charges that said defendant, at a time and place specified, "willfully, feloniously, and knowingly did make certain threats to take the life of the President of the United States and against the life of said President, and certain threats to inflict great bodily harm upon the said President of the United States, to wit, the Honorable Woodrow Wilson, in the verbal use of certain threatening language." There are two counts in the indictment. The threat made is alleged in the first count to have been that "if he could get to President Wilson he would shoot the blinded eye." In the second count it is charged that the defendant threatened "that if he got a chance he would shoot President Wilson." Other language is also alleged, showing a spirit of disloyalty to the United States on the part of the defendant and a desire to aid the enemy, which language it is not necessary to set forth here.

The defendant has filed a demurrer to the indictment, averring that such indictment is not sufficiently definite, and that the language alleged in the indictment to have been used by the defendant does not constitute a threat to take the life of the President, or to inflict bodily harm upon him, and that, therefore, it does not constitute the crime alleged.

The statute involved, being the act of February 14, 1917 (39 Stat. 919, c. 64) entitled "An act to punish persons who make threats against the President of the United States," provides as follows:

"Any person who knowingly and willfully deposits or causes to be deposited for conveyance in the mail or for delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the President of the United States, or who knowingly and willfully otherwise makes any such threat against the President, shall upon conviction be fined not exceeding $1,000 or imprisoned not exceeding five years, or both."

[1] The indictment follows the language of the statute in alleging the crime charged, and clearly and fully informs the defendant of the nature thereof, even setting forth the exact language of defendant which it is charged constituted such crime. The objection that the indictment lacks the necessary definiteness is plainly without merit and must be overruled.

[2] The question presented, therefore, is whether the language thus alleged to have been used by the defendant did constitute a "threat to take the life of or to inflict bodily harm upon the President of the United States." Bouvier's Law Dictionary (3d Ed.) in volume 3, page 3270, defines a threat as:

"A menace of destruction or injury to the person, character or property of those against whom it is made; a declaration of an intention or determination to injure another by the commission of some unlawful act."

The Century Dictionary defines "threat" as follows:

"A declaration of intention or a determination to inflict punishment, loss, or pain on another."

Webster's New International Dictionary defines "threat" as:

"The expression of an intention to inflict evil or injury on another; the declaration or indication of an evil, loss, or pain to come."

[3] It seems to me clear that the alleged language of the defendant here involved constituted a threat against the President as charged. The mere fact that this threat was expressly made conditional upon the ability of the defendant to carry it out does not, in my opinion, render the same any the less a threat.

[4] Another consideration may be noticed. While the demurrer does not specifically urge the objection that the language complained of is not a threat, because it is not alleged to have been communicated to the President, yet, as the language of the demurrer may possibly be broad enough to include such an objection, I deem it proper to state that such a contention appears to me to be wholly without merit. United States v. Stickrath (D. C.) 242 Fed. 151. Such a construction of the statute would defeat its very object. If it were necessary to wait until the maker of such a threat had come close enough to the President to actually communicate it to him before this statute could be invoked, it can be readily seen that the resulting crime would be more serious than that forbidden by such statute. Congress certainly never contemplated such an interpretation of the plain words of this act.

The purpose of the statute was undoubtedly, not only the protection of the President, but also the prohibition of just such statements as those alleged in this indictment. The expression of such direful intentions and desires, not only indicates a spirit of disloyalty to the nation bordering upon treason, but is, in a very real sense, a menace to the peace and safety of the country. It tends to create among the anarchistic, lawless element, which is always present in this, as in every other, country, a suggestion which may lead to most evil and harmful consequences. It arouses resentment and concern on the part of patriotic citizens; and in general it constitutes a breach of the peace and incitement to disorder and violence.

Having in mind, then, the meaning of the words of the statute and the purposes for which such statute was enacted, I am clearly of the opinion that the language with which the defendant is charged constituted a "threat to take the life of or to inflict bodily harm upon the President of the United States," within the meaning of the statute, and the demurrer must be overruled.