## UNITED STATES v. APEL.

### No. 33216.

District Court, N. D. Illinois, E. D.

April 29, 1942.

J. Albert Woll, U. S. Dist. Atty., and LeRoy R. Krein, Asst. U. S. Dist. Atty., both of Chicago, Ill., for plaintiff.

Daniel L. Madden, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

Defendant moves to quash the indictment.

The statute, 18 U.S.C.A. § 89, provides that "Any person who knowingly and willfully deposits or causes to be deposited for conveyance in the mail or for delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the President of the United States, or who knowingly and willfully otherwise makes any such threat against the President, shall" be punished.

Each of the ten counts of the indictment charges that the defendant wilfully and knowingly posted and displayed in public places at Hubbard Woods, Illinois, posters, circulars and caricatures exhorting to "hang Roosevelt * * *" referring to President Roosevelt, and other public officials.

Defendant moves to quash on two grounds: (1) That the alleged threat was not made against the President in his official capacity; and (2) that the threat is not a command to anyone obliged to act upon it.

The first contention seems to be supported by the case of United States v. Metzdorf, D.C.Mont.1918, 252 F. 933. However, the case referred to has not been followed and the contrary has been held in other adjudicated cases among which are Ragansky v. United States, 7 Cir., 253 F. 643; United States v. Stickrath, D.C., 242 F. 151; United States v. Jasick, D.C., 252 F. 931, 933. The cases last above cited are consonant with sound principles of pleading and fully inform the defendant of the nature of the charge. The language of Judge Tuttle in the case of United States v. Jasick, supra, is pertinent.

"The purpose of the statute was undoubtedly, not only the protection of the President, but also the prohibition of just such statements as those alleged in this indictment. The expression of such direful intentions and desires, not only indicates a spirit of disloyalty to the nation bordering upon treason, but is, in a very real sense, a menace to the peace and safety of the country. It tends to create among the anarchistic, lawless element, which is always present in this, as in every other, country, a suggestion which may lead to most evil and harmful consequences. It arouses resentment and concern on the part of patriotic citizens; and in general it constitutes a breach of the peace and incitement to disorder and violence."

The cases last above cited also dispose adversely to the defendant of the further contention that a threat must be communicated.

The motion to quash must be overruled.