### REID v. UNITED STATES.

No. 10624.

Circuit Court of Appeals, Fifth Circuit.

June 17, 1943.

Ben F. Roberts and Frank J. Looney, both of Shreveport, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., and Albert E. Bryson, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

William Reid was convicted on an indictment in one count charging a violation of Section 89, 18 U.S.C.A. This statute provides that any person who knowingly and willfully deposits or causes to be deposited for conveyance in the mail or for delivery from any post office or by any letter carrier any document containing any threat to take the life of or to inflict bodily harm upon the President of the United States, or who knowingly and willfully otherwise makes any such threat against the President, shall upon conviction be fined or imprisoned or both.

There was proof, believed by the jury beyond a reasonable doubt, that Reid had publicly stated that he hated President Roosevelt, that if he had the time and money he would go to Washington and kill the President, and that if the President should ever come south he most certainly would kill him. His hearers believed that the remarks were made purposefully. There is evidence indicating that Reid preferred that the United States be ruled by Hitler, and that he had contacts with a high German official in this country.

That the offense created by the statute was charged and proven is not open to doubt.[1] Evidence as to appellant's pro-German attitude was relevant to the issue as to whether the statements against the President were knowingly and willfully made, and was admissible. The charge of the court and the denial of the motion for a new trial have been considered and are free from error.

The judgment is affirmed.

---

[1] United States v. Stickrath, D.C., 242 F. 151; Clark v. United States, 5 Cir., 250 F. 449; United States v. Stobo, D. C., 251 F. 689; United States v. Jasick, D.C., 252 F. 931, 933; Ragansky v. United States, 7 Cir., 253 F. 643.