## REID v. UNITED STATES.
### No. 11217.

Circuit Court of Appeals, Fifth Circuit.

May 11, 1945.

witnesses against him had corruptly conspired to "frame" him. Some of the evidence is alleged to be newly discovered. The motion was denied and this appeal taken.

After affirmance by this court the judgment of the district court could not be set aside in that court for such causes except on leave of this court. But overlooking that prerequisite, this is in substance a motion for new trial for newly discovered evidence, which under Rule 2(3) for Procedure in Criminal Cases after Verdict, 18 U.S.C.A. following Section 688, must be filed within sixty days after final judgment, the case not being a capital case. Calling this motion a petition for a writ of error coram nobis does not help it. The corrective powers of the courts touching the truth of the case are exhausted. Young v. United States, 5 Cir., 138 Fed.2d 838. The relief which appellant seeks can, if justified, be had only through executive pardon.

Judgment affirmed.

William T. Reid, in pro. per., of Oklahoma City, Okl., for appellant.

Malcolm E. Lafargue, U. S. Atty., and Albert E. Bryson, Asst. U. S. Attorney, both of Shreveport, La., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

### PER CURIAM.

The appellant was convicted and sentenced in the Western District of Louisiana on March 19, 1943, and appealed to this court where the judgment was affirmed, Reid v. United States, 5 Cir., 136 F.2d 476. He entered upon his sentence which has now almost expired. Desiring to clear his name, as well as to be released, he filed on October 20, 1944, in the District Court of his conviction a motion, styled in the nature of a coram nobis, to set aside and vacate the judgment because founded on fraudulent and false testimony. By affidavits and by documentary evidence he seeks to prove that he was not in the State of Louisiana at the time the crime was alleged and testified to have been committed, and that the

