**UNITED STATES of America**
v.
**Albert Houston CARTER.**
**Cr. No. 2158.**

United States District Court,
M. D. Georgia,
Albany Division.
Nov. 20, 1969.

safety devices owed to the plaintiff by the Coast Guard.

Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff.

Albert Houston Carter, pro se.

BOOTLE, Chief Judge:

On July 1, 1969, defendant filed in this court his "Motion for Writ of Error Coram Nobis" to vacate the judgment of conviction previously entered in this cause. The motion alleges that in October, 1961, the defendant was tried before a jury in this court on two charges: (1) for causing to be transported in interstate commerce a forged check in violation of 18 U.S.C.A. § 2314, and (2) for perjury committed before the United

States Commissioner at Albany, Georgia; that said trial resulted in a mistrial because of the inability of the jury to agree upon a verdict and that he was tried again on both of said charges before a jury in this court in April, 1962, when the jury again deadlocked on the forged check charge but convicted him upon the perjury charge. His motion points out that the conviction was affirmed by the Court of Appeals for the Fifth Circuit (Carter v. United States, 325 F.2d 697) and that the Supreme Court denied certiorari on May 25, 1964 (Carter v. United States, 377 U.S. 946, 84 S.Ct. 1353, 12 L.Ed.2d 308). He points out that he has completely served the sentence imposed for the perjury violation and that the forged check charge has been dismissed.

Defendant now seeks to vacate the conviction of perjury upon five specified grounds. This court has carefully examined the motion and all of said grounds and has examined also "Exhibit E in the case of Albert H. Carter v. Robert Seamans, Jr., Civil Action No. 64–H–30 in the United States District Court for the Southern District of Texas, Houston Division", which Exhibit E is entitled "Article 32 Investigation in the case of Captain Albert H. Carter, AO 300 7296", and was caused by the defendant to be transmitted to the Clerk of this Court for consideration by this Court, which transmission was procured upon an application by the defendant to the District Court for the Southern District of Texas, Houston Division and an order of Honorable Joe Ingraham, dated September 29, 1969, ordering Arthur E. Fay, Esquire, or such other attorney of the United States Department of Justice as may at present be in possession of the said exhibit to transmit the same to the Clerk of this Court, and said exhibit having been forwarded to the Clerk of this Court with a letter of October 9, 1969 signed by William D. Ruckelhaus, Assistant Attorney General, Civil Division, by Thomas J. Lydon, Chief, Court of Claims Section, and after said examination this court has concluded that the

said motion and the said Exhibit and the files and records of this court show that the defendant is entitled to no relief, and that it is proper now for this court summarily to dispose of the said motion by dismissing the same pursuant to a motion to dismiss filed by the Government on November 4, 1969. This conclusion has been reached after careful consideration of written arguments filed by each side.

■ The Supreme Court in the case of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) holds that a motion in the nature of a writ of error coram nobis is available under the all-writs section of the Judicial Code, 28 U.S.C.A. § 1651(a) and was not abolished by 28 U.S.C.A. § 2255. In so holding, however, it reaffirmed its earlier holding in United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, as follows:

"This jurisdiction (coram nobis) was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed, as already stated, in those cases where the errors were *of the most fundamental character;* that is, such as rendered the proceeding itself irregular and invalid. In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for new trial. * * *" (Emphasis supplied).

In *Morgan,* speaking of *Mayer,* the Court said:

"There a convicted defendant alleged he discovered through no fault of his, only after the end of the term in which he was convicted, misconduct of an assistant United States Attorney and concealed bias of a juror against him, the defendant. This Court refused to direct consideration of the motion after the term expired because

the remedy, if any, was by writ of error or motion for new trial."

The fundamental type irregularity for which the motion was held available in *Morgan* was the Court's acceptance of a plea of guilty from a 19 year old youth unlettered in the law, not advised as to his rights, and without counsel.

 None of the errors complained of by defendant rises to the height "of the most fundamental character" required by *Mayer*. Ground I is that:

"The prosecuting of Defendant on the charge of perjury was illegally impermissible because such was the direct result of, and therefore punishment for, his refusal to waive his constitutional right to a fair and impartial jury trial on a separate charge, to-wit: interstate transportation of a forged check (referred to herein as the forged check charge)."

This charge amounts to no more than that defendant's retained counsel at the time of his arraignment at Americus, Georgia (he was represented by very able court appointed counsel at both trials) and Government counsel had undertaken some plea bargaining looking toward the dropping of the perjury charge in the event the defendant desired to plead guilty to the check forgery charge. Apparently from the motion defendant's retained counsel desired to enter such plea and the defendant disagreed. Thus no harm was done and the defendant exercised his constitutional right to be tried before a jury on both charges.

 Ground II reads:

"The Government authorities either failed or refused to disclose vital exculpatory evidence in their possession, and there is substantial evidence that the Government authorities relied on fraudulent official records and perjured testimony to convict Defendant.

"a. *The Article 32 Report.*

"b. *The Flight Record.*

"c. *The Atlanta Psychiatric Report.*"

The Article 32 Report is the Exhibit E above referred to. Since the defendant was the investigatee in that investigation he obviously had full knowledge as to the existence of said report and as to very much of its contents. If he desired that report in evidence or if he desired to see it for his own perusal the time to exercise that right was prior to the time of his two jury trials in this court.

With respect to the Flight Record, the files and records in this court show that defendant produced at the commitment hearing where the alleged perjury was committed a photostatic copy of said record, the same being AFTO Form 781. At his jury trials in this court the Government introduced into evidence said photostatic copy as G–5 and also as G–6 a record, DD Form 175, containing much similar information with respect to the particular August 8, 1960 flight in question. In his motion the defendant is content to allege "but the 'genuine' copy 'identified' in the Article 32 proceeding is not the same as the 'genuine' copy 'identified' at the trial in this court—although they were *both supposed to be* genuine copies of the same document" without pointing out in said motion the alleged difference between the two photostatic copies of said form, AFTO Form 781, G–5 in the trial in this court, and Exhibit 16 in the Article 32 investigation.

With respect to the Atlanta Psychiatric Report the complaint is at most a disagreement with a ruling of this court at the trial pertaining to the admissibility or inadmissibility of evidence.

 The above discussed Ground II is entirely insufficient to allege any misconduct of any "Government authorities" in connection with defendant's prosecution. Moreover, even "misconduct of an Assistant United States Attorney" affords no basis for coram nobis. United States v. Morgan, 346 U.S. at 508, 74 S.Ct. 247. Also newly discovered evidence affords no entree to said writ. United States v. Mayer, 235 U.S. at 69, 35 S.Ct. 16.

**706**

Ground III is as follows:

"The trial of Defendant in this Court on the perjury charge was barred by the double-jeopardy proscription of the Fifth Amendment because the previous Article 32 military proceeding has been officially defined by federal statute as a 'trial' within the meaning of the double-jeopardy clause,"

and is obviously without merit because as the motion itself shows there was only an Article 32 investigation and no trial by a court martial. Whether or not a conviction or an acquittal of this perjury charge by a court martial would have precluded a trial upon the same charge in this court it is not necessary now to decide because as above stated there was only a preliminary Article 32 investigation. See 10 U.S.C.A. § 832.

Ground IV is as follows:

"Defendant's trial and conviction on the perjury charge in this Court was barred by the unconditional executive pardon implicit in his previous promotion by the President of the United States while the perjury charge (filed by the Air Force authorities) was pending,"

and is obviously without merit. Aside from other obvious weaknesses of this ground, the motion itself points out that it is based upon the assumption that defendant's arrest on November 8, 1960 by Air Force authorities was promptly reported to Air Force Headquarters in Washington and that, therefore, the President in granting the promotion had knowledge of the arrest and the charges upon which it was made.

Ground V is as follows:

"The Government introduced evidence during the trial that was illegally obtained and/or otherwise inadmissable (sic)."

The time to raise objections to offered evidence either because it is inadmissible or was illegally obtained is prior to or at the time of trial. The motion confesses that the evidence now complained of was not objected to at trial.

Insofar as said motion alleges, or might be construed as alleging, the existence of newly discovered evidence it is without merit because the motion comes much more than two years after final judgment. Rule 33, Federal Rules of Criminal Procedure.

Accordingly, said motion is hereby overruled and dismissed without a hearing. See 24 C.J.S. Criminal Law § 1606(31) (1961) and 28 U.S.C.A. § 2255.

The Clerk of this Court is hereby authorized and directed to return to the source whence it came the above mentioned Exhibit E.