**Walter Leroy MOODY, Jr.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 88-8333.

United States Court of Appeals,
Eleventh Circuit.

June 13, 1989.

Michael C. Ford, Ford & Ford, Atlanta, Ga., for plaintiff-appellant.

Miriam Wansley Duke, Paul C. McCommon, III, Asst. U.S. Attys., Alice V. Waller, Sp. Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before KRAVITCH and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.

COX, Circuit Judge:

Walter Leroy Moody, Jr. appeals the district court's denial of his petition for the writ of error coram nobis in which he seeks relief from a 1972 conviction for willfully and knowingly possessing an unregistered destructive device. Prior to launching this collateral attack, Moody appealed his conviction, which was affirmed without opinion, *see United States v. Moody,* 474 F.2d 1346 (5th Cir.1973), unsuccessfully petitioned for collateral relief pursuant to 28 U.S.C. § 2255, and completed his five year term of incarceration and probation. In this petition, Moody's third post-trial attack on the conviction, he asserts two grounds for relief: (1) newly discovered evidence, which allegedly proves that he did not commit the crime, and (2) ineffective assistance of trial counsel.

## THE WRIT OF ERROR CORAM NOBIS

■ In *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (5–4 decision), the sharply-divided Supreme Court determined that the broad all-writs section of the judicial code[1] bestows on federal courts the authority to issue writs in the nature of coram nobis. *Id.* at 511, 74 S.Ct. at 252. The remedy provided by the writ, however, is of limited scope. *United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129 (1914). The *Morgan* majority, after examining those errors for which the writ was issued at common law, wrote: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."[2] 346 U.S. at 507–11, 74 S.Ct. at 250–53. Such compelling circumstances exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and

---

1. This section of the judicial code, unaltered since *Morgan,* provides as follows:

    The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law.

    28 U.S.C. § 1651(a) (1966). The all-writs section has its origin in the Judiciary Act of 1789,

and its substance has persisted to the present. *Morgan,* 346 U.S. at 506, 74 S.Ct. at 250.

2. This court's predecessor has phrased the standard thusly: "[T]he writ of error coram nobis should only be allowed to remedy manifest injustice." *Rener v. United States,* 475 F.2d 125, 126 (5th Cir.1973).

invalid. *Mayer*, 235 U.S. at 69, 35 S.Ct. at 19. *See Morgan*, 346 U.S. at 512, 74 S.Ct. at 253. The first question then is whether Moody's allegation of newly discovered evidence is the fundamental type of irregularity for which the writ of error coram nobis provides a remedy.[3]

## NEWLY DISCOVERED EVIDENCE

■ A claim of newly discovered evidence relevant only to the guilt or innocence of the petitioner is not cognizable in a coram nobis proceeding.[4] The Supreme Court seemingly resolved this issue in *Mayer* when, after noting the limited scope of the federal courts' authority to set aside final judgments for errors of fact, it stated:

> [I]n cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and *newly discovered evidence*, as well as where it is sought to have the court in which the case was tried reconsider its rulings, *the remedy is by a motion for a new trial....*

235 U.S. at 69, 35 S.Ct. at 19 (emphasis added). Similarly, this court's predecessor twice has refused to consider allegations of newly discovered evidence when petitioned for the writ of error coram nobis. The petitioner in *Reid v. United States*, 149 F.2d 334 (5th Cir.1945), was denied relief because his coram nobis petition was, in substance, merely an untimely motion for a new trial based on newly discovered evidence. *Id.* at 335.[5] Affirming the district court's dismissal of a coram nobis petition and, *inter alia*, its conclusion that "newly discovered evidence affords no entree to [the] writ," the court of appeals held in *United States v. Carter*, 437 F.2d 444 (5th Cir.1971), *aff'g* 319 F.Supp. 702 (M.D.Ga.

1969), that the petition failed to allege any error of fundamental character. *Id.* at 445.

The rule that new evidence is not a claim for which the writ of error coram nobis may be issued is consistent with the limitations imposed on movants seeking a new trial based upon newly discovered evidence. Motions for new trials based upon new evidence must be filed within two years after final judgment. Fed.R.Crim.P. 33. Even when timely filed, such motions are greatly disfavored and, thus, are viewed with much caution. 3 C. Wright & K. Graham, Federal Practice and Procedure § 557 (1982). *See United States v. Metz*, 652 F.2d 478, 479 (5th Cir.1981). The writ of error coram nobis, therefore, cannot be available for new evidence only potentially relevant to a factual issue decided long ago by a jury for, if it were, the limitations of Rule 33 would be meaningless and the writ would no longer be extraordinary. More troublesome still, such a remedy would prolong litigation once concluded, thus thwarting society's compelling interest in the finality of criminal convictions. *See Morgan*, 346 U.S. at 511, 74 S.Ct. at 252.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ The writ of error coram nobis has been issued to remedy certain violations of the sixth amendment. In *Morgan*, the uneducated, unrepresented nineteen-year-old defendant alleged in his coram nobis petition that he was not advised of his constitutional rights and neither competently nor intelligently waived counsel prior to entering his plea of guilty. The Court held:

> Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available *and sound reasons exist-*

---

3. Because of the manner in which we dispose of Moody's ineffective assistance of counsel claim, we find it unnecessary to decide whether such a claim is cognizable in a coram nobis proceeding.

4. We also hold that the evidence brought forth by Moody is not so compelling that, had it been presented to the jury, Moody likely would have been acquitted.

5. *Accord United States v. McCord*, 509 F.2d 334 (D.C.1974); *Clark v. United States*, 506 F.2d 1050

(3d Cir.1974), *aff'g* 370 F.Supp. 92 (W.D.Pa. 1974); *United States v. Keogh*, 391 F.2d 138 (2d Cir.1968); *Azzone v. United States*, 341 F.2d 417 (8th Cir.1965); *Spaulding v. United States*, 155 F.2d 919 (6th Cir.1946); *Kelly v. United States*, 138 F.2d 489 (9th Cir.1943); *United States v. Gardzielewski*, 135 F.2d 271 (7th Cir.1943); *Fine v. United States*, 67 F.2d 591 (7th Cir.1935). *But cf., Hirabayashi v. United States*, 828 F.2d 591 (9th Cir.1987); *United States v. Scherer*, 673 F.2d 176 (7th Cir.1982); *United States v. Hedman*, 655 F.2d 813 (7th Cir.1981).

*ing for failure to seek appropriate earlier relief,* this motion in the nature of the extraordinary writ of coram nobis must be heard by the federal trial court. 346 U.S. at 511–12, 74 S.Ct. at 252–53 (emphasis added).

Moody asserts, simply, that "[t]he new evidence establishes the ineffectiveness of trial counsel." By failing to investigate adequately his protestations of innocence and his claim that another person, whom he named, was guilty of the crime, a fact Moody insists is proved by the new evidence, counsel allegedly denied the petitioner his sixth amendment right to effective assistance. Moody, however, was aware of the true basis of this contention at the conclusion of the trial. This being so, he should have articulated his claim of inadequate investigation along with the other allegations of ineffective assistance raised in his habeas corpus petition. Moody, unlike the petitioner in *Morgan*, has not proved that sound reasons exist for this procedural default. Therefore, there having been another remedy available for the sixth amendment violation alleged, Moody cannot now have his conviction vacated via the extraordinary writ of error coram nobis.[6]

AFFIRMED.

---

**6.** Alternatively, we agree with the district court's conclusion that, assuming a claim of ineffectiveness is cognizable in a coram nobis proceeding, Moody has failed to carry his burden of showing ineffective assistance of counsel.