[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16642
Non-Argument Calendar

_____

D. C. Docket No. 03-03552-CV-TWT-1

JOSEPH C. SUN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 28, 2005)

Before ANDERSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Joseph Sun, a former federal prisoner proceeding pro se,

appeals the district court's denial of his motion for a default judgment and its grant of a motion to dismiss in his civil action against the United States in which he seeks to set aside his criminal conviction. For the following reasons, we affirm.

I.

In 1987, Sun was convicted of two counts of mail fraud and one count of forgery of a court order, and was sentenced to 15 years imprisonment. While incarcerated, Sun brought several challenges to his conviction, including filing an appeal to this court, a motion for a new trial, and several motions to vacate his conviction pursuant 28 U.S.C. § 2255. His motions were denied and his conviction was upheld.

In 2001, Sun completed his sentence. Subsequently, on November 10, 2003, he filed the instant civil rights action against the United States, alleging that his conviction was unconstitutional. In his complaint, Sun alleged, *inter alia*, that: (1) he was wrongfully detained prior to trial, which prevented him from adequately preparing his defense; (2) he was denied the right to testify at trial; (3) the government engaged in various discovery violations; (4) the government presented perjured testimony from witnesses with a personal animus towards Sun; (5) he was retaliated against because he had a history of filing pro se lawsuits and was disliked by judges; and (6) he was innocent of the offenses. After filing his complaint, Sun

2

moved for a default judgment on the grounds that the United States had failed to answer. The United States filed a response in opposition to Sun's motion for a default judgment, contending that service of process was defective and, therefore, it was not required to answer. In addition, the United States moved to dismiss the complaint for failure to state a claim. The district court denied Sun's motion for a default judgment and granted the government's motion to dismiss. This appeal followed.

## II.

Sun argues that the district court erred in concluding that he improperly served the United States as required under Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Sun contends he was entitled to a default judgment.

We review the district court's denial of motion for a default judgment for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). Default judgments should only be entered in exceptional circumstances. Id. at 1316-17.

A civil lawsuit commences when the plaintiff files a complaint. Fed.R.Civ.P. 3. The time by which a defendant must respond to the complaint begins to run once the defendant is served with the complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1999). The United States

3

must answer a complaint within 60 days of the complaint being served. Fed.R.Civ.P. 12(a)(3)(A). In order to effect service upon the United States, a plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or must send copies of each by registered or certified mail, addressed to the civil process clerk at the office of the United States Attorney and send a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail. Fed.R.Civ.P. 4(i)(1).

Here, Sun correctly served the Attorney General, but failed to effect proper service upon the United States Attorney. In particular, he concedes that he had his summons and complaint sent through the regular mail to the United States Attorney. Because he did not mail his complaint and summons to the United States Attorney by certified or registered mail, service was not effected in accordance with Rule 4 of the Federal Rules of Civil Procedure. Thus, the United States was not required to respond to the complaint, and the district court properly denied Sun's motion for a default judgment.[1]

Sun also argues that the district court erred in granting the United States'

---

[1] Even if Sun had properly served the United States, a default judgment in this case would not be warranted because Sun has failed to establish "a claim or right to relief by evidence satisfactory to the court." See Fed. R. Civ. P. 55(e); Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977).

motion to dismiss.[2]  Specifically, he argues that he was entitled to relief under

a writ of error coram nobis.[3]

We review a district court's denial of coram nobis relief for abuse of

discretion.  United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002).  A

petitioner seeking relief under a writ of error coram nobis carries a heavy burden.

See id. at 712.  It is an extraordinary remedy that is available only to remedy errors

"of the most fundamental character."  United States v. Morgan, 346 U.S. 502, 511-

12 (1954).  Additionally, we may "consider coram nobis petitions only where no

other remedy is available and the petitioner presents sound reasons for failing to

seek relief earlier."  United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000);

see also Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (same).

Like the district court, we conclude that Sun's claim for coram nobis relief

fails.  First, Sun's claim is procedurally barred because he raised essentially the

same issues he advances here in his previous § 2255 motions to vacate his

conviction and in his direct appeal of his criminal conviction.  See Moody v.

---

[2] On appeal, Sun argues only that he seeks relief under a writ of error coram nobis and, therefore, has abandoned the other issues he raised below.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1335 (11th Cir. 2004).

[3] The writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody because "the results of the conviction may persist...."  Peter, 310 F.3d at 712 (citations omitted).  Sun has completed his sentence and therefore coram nobis is a proper avenue of relief.

5

United States, 874 F.2d 1575, 1577 (11th Cir. 1989). Because Sun's current

claims were known to him and were litigated by him while he was incarcerated,

coram nobis relief is not a proper remedy.[4] Id.

For the foregoing reasons, we AFFIRM.

AFFIRMED.

---

[4] Even if Sun's claims were not procedurally barred, coram nobis relief would be inappropriate because Sun fails to allege any error of a fundamental character that would warrant relief. See Moody, 874 F.2d at 1577 (noting that prejudicial errors and newly discovered evidence do not fall into the category of fundamental errors).