[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10805
Non-Argument Calendar

_____

D. C. Docket No. 06-00691-CV-T-17-TGW

FULTON Q. GRIFFITH,

Plaintiff-Appellant,

versus

DEBRA JOHNS,
prosecutor/agent of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 22, 2008)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Fulton Q. Griffith appeals the district court's denial of his motion

for writ of coram nobis. Griffith filed his motion for writ of coram nobis following the district court's dismissal of his 42 U.S.C. § 1983 action against Prosecutor Debra Johns, finding that (1) Griffith's claims were in the nature of habeas corpus; (2) Defendant Debra Johns, who formerly prosecuted the plaintiff, enjoyed prosecutorial immunity; and (3) Griffith's claims were barred by the statute of limitations. This Court dismissed Griffith's appeal of his § 1983 claim as frivolous.

In the present case, Griffith argues that the district court erred in construing his motion for writ of error coram nobis as a 42 U.S.C. § 1983 action. He asserts that his motion should not have been dismissed because it raised material issues of fact and law, specifically, that he was innocent and that he was convicted under "misplaced" law, showing a complete miscarriage of justice.

We review a denial of coram nobis relief for abuse of discretion. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Coram nobis relief is only appropriate (1) when there is and was no other available avenue of relief, and (2) "when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id*. (citation omitted). Moreover, "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under

2

circumstances compelling action to achieve justice." *Moody v. United States*, 874 F.2d 1575, 1576 (11th Cir. 1989) (citation omitted).

Generally, writs of coram nobis have been abolished as remedies in civil matters. *See* Fed.R.Civ.P. 60(e). However, the 1946 amendment notes to Fed. R. Civ. P. 60 reveal that while the 1946 amendment abolished certain writs in civil matters, the committee "endeavored then to amend the rules to permit . . . the granting of various kinds of relief from judgments which were permitted in the federal courts prior to the adoption of these rules." Fed.R.Civ.P. 60 advisory committee's note. As to whether under the amended rule "relief by coram nobis . . . is permissible, the generally accepted view is that the remedies are still available." *Id*. Rule 60(b) offers grounds for relief from a final judgment or order based on mistake, newly discovered evidence, fraud, misrepresentation, or misconduct, and thus absorbs the grounds for relief under a writ of coram nobis. Fed.R.Civ.P. 60(b).

After reviewing the record, and reading the parties' briefs, we conclude that the district court did not abuse its discretion in denying Griffith's motion for writ of coram nobis because Griffith failed to raise any new issues of fact that would warrant extraordinary relief. Accordingly, we affirm the district court's denial of Griffith's motion for writ of coram nobis.

**AFFIRMED.**