[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12747
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61666-RSR

DALLAS FORD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 24, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Dallas Ford, proceeding pro se, appeals the district judge's denial of his petition for a writ of error coram nobis.[1]  We affirm.

## BACKGROUND

In September 2007, Ford was recorded in a series of intercepted telephone calls with a suspected drug distributor.  In the calls, they discussed a plan in which Ford would purchase one-and-one-half ounces of powder cocaine from a third party, then sell the cocaine to the distributor.

Ford pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C),  846.  He was released on bond pending sentencing but fled after violating the conditions of his release.  Because Ford was a fugitive, the district judge sentenced him *in absentia*.  Ford was sentenced to 20 years of imprisonment and 3 years of supervised release.  We dismissed Ford's direct appeal for failure to prosecute.

In January 2012, Ford filed a 28 U.S.C. § 2255 petition.  He argued his conviction and sentence were void, because of various defects in his indictment, the government's breach of a plea agreement, and ineffective assistance of counsel.

---

[1] We construe pro se pleadings liberally and hold them to a less stringent standard than those drafted by attorneys.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

The district judge dismissed Ford's § 2255 petition as untimely; he did not appeal.[2] Ford then filed this coram nobis petition.

In his petition, Ford argues his defense counsel was ineffective by failing to inform the district judge of a plea agreement providing for a sentence of three-to-five years. Ford further argues the district judge never had jurisdiction in his criminal case, because of the government's failure to present publicly his indictment in open court with all grand jurors present.

## DISCUSSION

We review a district judge's denial of a writ of error coram nobis for abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002) (per curiam). A petitioner may obtain coram nobis relief only where (1) there is and was no other avenue of relief available, and (2) the alleged error involves a fundamental matter of fact not previously put in issue or passed upon and renders the proceeding itself "irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000) (per curiam) (citation and internal quotation marks omitted); *see United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000) ("[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier.").

---

[2] Ford's motion was untimely primarily because he fled and chose not to pursue lawful challenges to his conviction, while he was a fugitive.

3

Ford's claim of a deficient indictment could have been raised earlier in pretrial motions or on direct appeal.  Therefore, it is not cognizable in a coram nobis petition.  *See Alikhani*, 200 F.3d at 734 (recognizing a petitioner's claims of defects in the indictment, including failure of the indictment to state a crime, are not cognizable in a coram nobis petition, because they could have been raised earlier in a pretrial motion (citing *Moody v. United States*, 874 F.2d 1575, 1576 (11th Cir. 1989))).  His ineffective-assistance claims were raised in his § 2255 motion, the dismissal of which he could have challenged in an appeal to this court. Ford has failed to show there was no other avenue of relief available for his claims. Because his claims could have been pursued in his original proceedings or in a timely § 2255 petition, the extraordinary remedy of coram nobis is not appropriate. Accordingly, the district judge did not abuse her discretion in denying his petition.[3]

**AFFIRMED.**

---

[3] To the extent Ford claims the district judge should have construed his coram nobis petition as a § 2255 petition, that claim also fails.  Ford's first § 2255 petition was untimely. Because he did not petition this court for authorization to file a second § 2255 petition, s*ee* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A), if the district judge had construed his coram nobis petition as a § 2255 petition, she would have lacked jurisdiction, because it would have been an impermissible second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (noting, without authorization from this court, a district judge lacks jurisdiction to consider a second or successive § 2255 petition).