[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12483

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID PETERSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:13-cr-00117-WS-N-2

_____

Before Lagoa, Brasher, and Julie Carnes, Circuit Judges.

PER CURIAM:

Defendant David Petersen, a former federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to vacate his conviction and sentence pursuant to a writ of *coram nobis* under 28 U.S.C. § 1651.  After careful review, we affirm.

## BACKGROUND

Defendant was convicted after a jury trial in 2013 of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, aiding and abetting securities fraud in violation of 15 U.S.C. § 77q and 18 U.S.C. § 2, and multiple counts of aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1343 and 2.  The conviction arose out of a Ponzi scheme that defrauded investors out of millions of dollars. Defendant participated in the scheme along with three other individuals, two of whom were tried along with Defendant in the same trial.  The third individual, Timothy Durkin, fled the country and was not apprehended before trial.

The district court sentenced Defendant to 60 months for each count of his conviction, to be served concurrently and to be followed by three years of supervised release.  The sentence reflected a substantial downward deviation from Defendant's recommended guidelines range of 135 to 168 months.  This Court affirmed Defendant's conviction and sentence on appeal.  Among other arguments, Defendant asserted on appeal that the Government had committed prosecutorial misconduct by failing to

zealously seek the extradition of Durkin. This Court rejected that argument, noting that the Government "had taken numerous steps to alert domestic and international law enforcement agencies to Durkin's pending arrest warrant" and that in any event Defendant "failed to articulate how the outcome of his trial would have been different absent this alleged misconduct, given the ample evidence supporting his conviction."

Defendant subsequently filed several motions seeking additional information about, and challenging certain aspects of, his conviction. In one of those motions—a motion for new trial described by the district court as "a sprawling, 81-page" document that "in substantial part, reiterates and expounds on certain failed arguments and themes animating [Defendant's] prior postconviction motion practice"—Defendant asserted a claim of "fraud on the court." Defendant argued in support of the claim that his conviction was based on misrepresentations and false evidence concerning: (1) signed co-investment agreements related to the Ponzi scheme and (2) the Government's "efforts to apprehend and prosecute the fugitive defendant Durkin." As to the first argument, Defendant further specified that the Government falsely represented and fabricated evidence suggesting that the victims of the Ponzi scheme had signed co-investment agreements. Regarding the second argument, Defendant claimed the Government relied at trial on perjured testimony that the FBI had filed an Interpol Red Notice to apprehend and extradite Durkin and otherwise misrepresented its extradition efforts.

The district court denied all the post-conviction motions filed by Defendant. In its order denying the motion for a new trial described above, the court specifically rejected Defendant's fraud on the court arguments. The court explained that Defendant's argument as to the co-investment agreements "distort[ed] and mischaracterize[d] the evidence admitted at trial" and that, in fact, "there [wa]s no evidence that the Government engaged in fraud" with respect to any such agreement. The court also noted that Defendant failed to cite any testimony related to the Government's efforts to apprehend Durkin that was false, as would be required to sustain his request for a new trial. Further, the court held that Defendant would not be eligible for a new trial even if he had been able to establish that the Government's evidence as to this issue was false because the other evidence of Defendant's guilt was so compelling.

Defendant appealed the denial of his motion for a new trial, and this Court affirmed. Addressing the fraud on the court argument, this Court agreed with the district court that Defendant had failed to show the Government falsified evidence concerning the co-investment agreements, and it noted that Defendant was not entitled to relief on that ground in any event because he had access to the documents he cited in support of his motion before and during his trial. In addition, the Court rejected Defendant's argument related to Durkin, noting that: (1) Defendant failed to show that any trial testimony regarding the Government's efforts to extradite Durkin was false, (2) assuming there was untruthful or incorrect testimony as to Durkin's extradition, there was no evidence the

prosecutors knew or should have known the testimony was false, and (3) further assuming the Government's efforts to apprehend Durkin "were lackadaisical," Defendant did not establish any impact on his trial "given the ample evidence against him."

While the appeal of his motion for a new trial was pending, Defendant moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court adopted a Magistrate Judge's report and recommendation denying the motion and it also denied a certificate of appealability ("COA"), concluding that the motion lacked merit and that it "simply trot[ted] out the same failed arguments" about falsified evidence the court already had rejected. This Court likewise declined to issue a COA, explaining that Defendant's claims either had already been rejected or were barred. The Court also rejected Defendant's argument that the district judge should have recused in his case, explaining that the judge's "continued denial of [Defendant's] claims is not the kind of 'bias' that requires recusal."

Thereafter, and following his release from prison, Defendant filed the motion at issue in this appeal seeking a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651. In support of his motion, Defendant again asserted a fraud on the court argument based on alleged evidentiary issues concerning the co-investment agreements and the Government's representations as to its efforts to extradite and prosecute Durkin. Expanding further on the extradition issue, Defendant argued this time around that the Government's false representations prior to trial that it had initiated extradition

persuaded Defendant to agree to a continuance in the case, giving the Government "a huge advantage in case preparation." He suggested further that Durkin's unavailability violated his Confrontation Clause rights because it denied him the opportunity to question and cross-examine Durkin during his trial. As relief for both alleged instances of fraud, Defendant requested that the court vacate his conviction. Defendant clarified in his motion that he was not seeking habeas relief under § 2255 because he was no longer in custody or under supervision when he filed his motion.[1] He argued that he nevertheless was entitled to relief under § 1651 because his convictions continued to impact his ability to obtain gainful employment and certain other rights and benefits.

The district court denied Defendant's motion, finding his arguments "fatally flawed." First, the court determined based on the record that the Government had "patently made no misrepresentation" as to its efforts to extradite Durkin and that the court had not relied on the status of Durkin's extradition in granting a continuance in the trial as Defendant claimed. Defendant's claim about the co-investment agreement evidence, the court observed, had also been raised and rejected in prior motions, and could not be reasserted "under the guise of a *coram nobis* petition." As to Defendant's Confrontation Clause argument, the court explained that the clause did not apply here, where Defendant acknowledged that the Government did not use testimony from Durkin at trial.

---

[1] Defendant was released from prison on November 21, 2018, and his three-year term of supervised release expired in November 2021.

Defendant now appeals. In his appellate briefing, Defendant essentially reasserts his argument that the Government committed fraud on the court during his trial by falsely representing that all parties had signed co-investment agreements and by misrepresenting its efforts to extradite Durkin. Defendant also suggests again that the district court judge should have recused himself from ruling on the motion at issue in the appeal. The Government has filed a motion for summary affirmance, arguing that Defendant's appeal is frivolous and that the district court's ruling denying his motion for a writ of error *coram nobis* clearly is correct as a matter of law. We agree with the Government, and we grant its motion for summary affirmance.

## DISCUSSION

### I.    Standards of Review

We review the district court's denial of Defendant's motion for a writ of error *coram nobis* for an abuse of discretion. *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). "A district court also abuses its discretion when it commits a clear error of judgment." *Id.* at 912.

As noted, the Government has asked for summary disposition of the district court's denial of Defendant's motion for a writ

of error *coram nobis*.  Summary disposition of an appeal is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

Defendant is proceeding in this appeal *pro se*.  Accordingly, we will construe his pleadings liberally.  *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing authority for the rule that "a *pro se* motion should be liberally construed").  But we are not authorized to rewrite Defendant's pleadings merely to sustain his appeal, or otherwise to "serve as *de facto* counsel" for him.  *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## II.    Defendant's Motion for *Coram Nobis* Relief

Federal courts have authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue a writ of error *coram nobis*—that is, a writ vacating a conviction when the defendant has served his sentence and is no longer in custody, as is required to obtain habeas relief under § 2255.  *See United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).  But *coram nobis* relief "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice."  *Id.* at 1203.  As such, it can be invoked only to review "errors of the most fundamental character."  *Id.* (quotation

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981, are binding on this Court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

marks omitted).  "Such errors do not include prejudicial misconduct in the course of the trial . . . [or] newly discovered evidence" related only to the defendant's guilt or innocence.  *Id.* at 1204 (quotation marks omitted).  *See also Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989) ("A claim of newly discovered evidence relevant only to the guilt or innocence of the [defendant] is not cognizable in a *coram nobis* proceeding.").  Further, a court may only grant *coram nobis* relief when "no other remedy is available and the [defendant] presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

Applying the above principles, this Court has explained that the "bar for [obtaining] *coram nobis* relief is high." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).  Specifically, to prevail on a motion for such relief, the defendant must show that:  (1) "there is and was no other available avenue of relief," (2) such a fundamental error occurred during the defendant's trial that it rendered the trial itself "irregular and invalid," and (3) the error "has not been put in issue or passed upon."  *Id.* (quotation marks omitted).  *See also United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002) (concluding that *coram nobis* relief was warranted where, after the defendant had served his sentence for federal mail fraud, the Supreme Court issued a decision holding that the conduct for which the defendant was indicted and to which he pled guilty was not covered by the federal mail fraud statute).

Defendant has not established the essential elements required to obtain *coram nobis* relief here.  First, he did not identify in

his motion below or in his appellate briefing any claims for which relief was unavailable through other means. On the contrary, and as the district court recognized, the claims underlying Defendant's motion for a writ of error *coram nobis*—claims related to an alleged fraud on the court concerning the co-investment agreements and the details surrounding Durkin's extradition—have been asserted through multiple other means, including Defendant's unsuccessful motion for a new trial described above. Not only were the claims "put in issue" by Defendant in his prior motions, they also were "passed upon" by both the district court and this Court in ruling on those motions. To the extent Defendant intended to raise new claims in the present motion—for example, by expanding his extradition claim to allege that he was lured into agreeing to a trial continuance or to argue that Durkin's absence somehow violated the Confrontation Clause—any such claims would have been available to Defendant when he filed his motion for a new trial, as well as when he filed his motion for relief under § 2255. Accordingly, Defendant is not entitled to *coram nobis* relief on those claims now. *See Moody*, 874 F.2d at 1578 (approving the denial of *coram nobis* relief where the defendant "was aware of the true basis of [his ineffective assistance of counsel claim] at the conclusion of the trial" and thus "should have articulated [the] claim" in an earlier motion).

Second, Defendant has not established any errors of the fundamental character that *coram nobis* relief contemplates. Again, the district court has rejected the arguments asserted in Defendant's motion multiple times on evidentiary grounds. But even assuming Defendant's factual assertions are true, he does not articulate an

error of such magnitude that his trial could be considered "irregular and invalid." *See Alikhani*, 200 F.3d at 734. On the contrary, and as this Court has already noted, Defendant failed to show that the Government's alleged malfeasance concerning Durkin's extradition made any difference whatsoever to Defendant's trial. Defendant's arguments concerning the co-investment agreements fail for similar reasons, this Court having rejected the claim that any evidentiary errors concerning such agreements warranted a new trial. *See id.* ("[T]he writ may issue only when the error involves a matter of fact of the most fundamental character[.]" (quotation marks omitted)).

Finally, we reject Defendant's argument that the district judge should have recused himself. It is not clear whether Defendant raised the recusal issue below, but even if he did, he offers no basis for recusal here. Defendant has suggested in prior pleadings that the district judge should have recused himself simply because he consistently had rejected the arguments made by Defendant in the past. But adverse rulings "are generally grounds for appeal, not recusal." *See In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009). Instead, recusal is only warranted when a statutorily specified circumstance establishes "partiality" on the part of the judge or when for other reasons the judge's impartiality "might reasonably be questioned." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455 and noting that the statute "creates two primary reasons for recusal"). Defendant makes no showing that recusal was appropriate here for either reason.

## CONCLUSION

12                    Opinion of the Court                    22-12483

For the reasons discussed above, we **GRANT** the Government's motion for summary affirmance and **AFFIRM** the district court's order denying Defendant's motion.