Albert H. CARTER, Plaintiff-Appellant,

v.

ATTORNEY GENERAL OF the UNITED STATES, and United States, Defendants-Appellees.

No. 84–2546.

United States Court of Appeals, Tenth Circuit.

Jan. 9, 1986.

Albert H. Carter, pro se.

Robert N. Miller, U.S. Atty., and John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendants-appellees.

Before McKAY, SEYMOUR, and SETH, Circuit Judges.

OPINION ON REHEARING

SEYMOUR, Circuit Judge.

Albert H. Carter petitions for rehearing of our Order and Judgment affirming the district court's grant of summary judgment for defendants. Carter seeks a declaratory judgment invalidating his 1962 perjury conviction in Georgia federal court, as well as a permanent injunction restraining the Attorney General and Department of Justice from using the conviction in any governmental proceeding and from disseminating the record thereof to any state or federal agency. Carter served his sentence for the conviction and is no longer in custody. He also requests a declaratory judgment invalidating a 1977 Texas federal court injunction, and an order permanently enjoining the Attorney General and Department of Justice from using the injunction as a defense in any governmental proceeding.

The district court granted summary judgment for defendants on collateral estoppel grounds, holding that:

"Plaintiff's contentions have been addressed, albeit under different procedural postures, in *Carter v. United States*, No. 83–494, slip op. (D.Colo. Aug. 15, 1984) (denying petitioner's Petition for Writ of Habeas Corpus), *aff'd in part*, 733 F.2d 735 (10th Cir.1984), and *United States v. Carter*, 319 F.Supp. 702 (M.D. Ga.1969) (denying petitioner's writ of error coram nobis), *aff'd* 437 F.2d 444 (5th Cir.1971), *cert. denied*, 403 U.S. 920 [91 S.Ct. 2238, 29 L.Ed.2d 698] (1972). Plaintiff has totally failed to persuade this Court that there exists any need to address further the issues raised in his Complaint."

Rec., vol. I, at 27. Our unpublished Order and Judgment affirmed the order of the district court. On rehearing, Carter has persuaded us that not all of the issues he raised in this proceeding are barred by collateral estoppel.

The panel grants the petition for rehearing and vacates the Order and Judgment. For the reasons set out below, we dismiss Carter's claims attacking his perjury conviction for lack of jurisdiction, and his claims regarding the 1977 Texas injunction on collateral estoppel grounds.

I.

1962 PERJURY CONVICTION

Carter's 1962 conviction for perjury in Georgia federal court was affirmed on direct appeal by an equally divided court. *Carter v. United States*, 325 F.2d 697 (5th Cir.1963) (en banc) (per curiam), *cert. denied*, 377 U.S. 946, 84 S.Ct. 1353, 12 L.Ed.2d 308 (1964). Six years later, Carter again challenged the conviction. *United States v. Carter*, 319 F.Supp. 702 (M.D.Ga.1969), *aff'd*, 437 F.2d 444 (5th Cir.) (per curiam), *cert. denied*, 403 U.S. 920, 91 S.Ct. 2238, 29 L.Ed.2d 698 (1971). His motion for a writ of error coram nobis alleged that:

(1) The perjury prosecution was impermissible because it was punishment

for refusing to plead guilty to a check forgery charge;

(2) The prosecutor failed to disclose exculpatory evidence, relied on fraudulent records, and used perjured testimony;

(3) The conviction violated the Double Jeopardy Clause of the Fifth Amendment because he had already been subjected to a military proceeding;

(4) The prosecution was barred by a pardon implicit in his promotion by the President;

(5) The Government used illegally obtained or inadmissible evidence at trial.

The district court denied the writ and found all the claims to be meritless or outside the scope of coram nobis relief. *See* 319 F.Supp. at 705–06. The Fifth Circuit affirmed, holding that "there was no error of that fundamental character which permitted the issuance of a writ of coram nobis." 437 F.2d at 445.

■ In his complaint for declaratory and injunctive relief in the present case, Carter challenges the perjury conviction on alternative grounds: (1) failure to hold a pretrial competency hearing; (2) improper use of evidence of other crimes or bad acts; (3) failure to prove an essential element of the crime after an insanity defense had been raised; and (4) improper jury instructions on the presumption of sanity. Claims (3) and (4) appear to be encompassed by the Fifth Circuit's decision on the insanity defense in *Carter*, 325 F.2d 697, and are therefore barred by that decision. Claims (1) and (2), however, are not foreclosed by collateral estoppel unless they were decided at trial and never appealed. There is no evidence in this record that such was the case. Our subsequent decision in *Carter v. United States*, 733 F.2d 735 (10th Cir.1984) (per curiam), *cert. denied*, —— U.S. ——, 105 S.Ct. 915, 83 L.Ed.2d 928 (1985) (*Carter I*), provides no basis for collateral estoppel because we simply held that the issues could not be raised in a habeas corpus proceeding because Carter was not in custody.[1] Carter's failure to raise his present claims in prior collateral proceedings arguably supports disposition on res judicata grounds. Because we decide this appeal on jurisdictional grounds, we do not reach this issue.[2]

■ The question we address is whether Carter can raise these claims in the forum he has selected. He asserts, and we shall assume, that the court below had jurisdiction over his claims in the threshold sense that they arise under the United States Constitution. *See* 28 U.S.C. § 1331 (1982). The decisive question, however, is whether a district court in this circuit possesses, and should exercise, the power to grant the remedy requested: relief from a criminal conviction rendered in a different court after full service of the sentence imposed. We answer this question in the negative

---

1. An applicant for federal habeas corpus relief must be "in custody" when the application is filed. *See* 28 U.S.C. §§ 2241 *et seq.* (1982). Although physical incarceration is not a necessary element of "custody," the applicant must labor under liberty restraints more severe than the stigma of a prior criminal conviction. For example, release on recognizance or parole with restrictions can constitute custody. *See Justices of Boston Municipal Court v. Lydon*, 446 U.S. 294, 104 S.Ct. 1805, 1809–10, 80 L.Ed.2d 311 (1984) (release on recognizance); *Hensley v. Municipal Court*, 411 U.S. 345, 351–52, 93 S.Ct. 1571, 1574–75, 36 L.Ed.2d 294 (1973) (same); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (parole). Carter may not obtain habeas relief because he is not in custody now and was not in custody when he filed this action.

2. We hold *infra* that Carter's claims are appropriately raised by applying for a writ of error coram nobis. In determining procedures to apply in coram nobis proceedings, courts have analogized to habeas corpus motions. *See United States v. Balistrieri*, 606 F.2d 216, 220–21 (7th Cir.1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980); 3 C. Wright, Federal Practice & Procedure § 592, at 433. As such, it is arguable that res judicata would not apply to successive applications for the writ. *See Allen v. McCurry*, 449 U.S. 90, 98 n. 12, 101 S.Ct. 411, 417 n. 12, 66 L.Ed.2d 308 (1980) (res judicata does not apply to habeas petitions); *Sanders v. United States*, 373 U.S. 1, 7–8, 83 S.Ct. 1068, 1072–73, 10 L.Ed.2d 148 (1963) (same).

and hold that Carter's claims were correctly dismissed.

 The All Writs Act, 28 U.S.C. § 1651(a) (1982), provides the federal courts with authority to grant appropriate writs in aid of their jurisdiction. When habeas corpus is an inadequate remedy, a criminal conviction may be attacked by means of the common law writ of error coram nobis. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). With use of the Writ, a federal district court can vacate one of its convictions, even after the sentence has expired, when a constitutional right is at stake.

> "Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid."

*Id.* at 512–13, 74 S.Ct. at 253–54 (footnote omitted). A writ of coram nobis is, however, an extraordinary form of relief which a court should grant "only under circumstances compelling such action to achieve justice." *Id.* at 511, 74 S.Ct. at 252. *See also Casias v. United States,* 421 F.2d 1233, 1234 (10th Cir.1970). *See generally* 3 C. Wright, Federal Practice & Procedure § 592 (1982); Annot., 38 ALR Fed. 617 (1978).

*Morgan* characterized coram nobis writs as within the power of the court that first exercised jurisdiction over the action. 346 U.S. at 507–08 & n. 9, 512, 74 S.Ct. at 250–51 & n. 9, 253. Lower courts have therefore held that applications for the writ must be made to the district court where the conviction was obtained. *See, e.g., Mustain v. Pearson,* 592 F.2d 1018, 1021 (8th Cir.1979); *Grene v. United States,* 448 F.2d 720, 721 (5th Cir.1971) (per curiam); *Sanchez Tapia v. United States,* 338 F.2d 416 (2d Cir.1964) (per curiam), *cert. denied,* 380 U.S. 957, 85 S.Ct. 1096, 13 L.Ed.2d 974 (1965); *Cotner v. Oklahoma,* 527 F.Supp. 470, 471 n. 1 (W.D.Okla.1981); *see also* 7 J. Moore, Federal Practice ¶ 60.14, at 60–92 (2d ed. 1985). We thus hold that the court below possessed no power to grant a coram nobis writ; Carter may only seek it in the original sentencing court.

 To the extent that the court below may have possessed any other equitable powers conferred by either the All Writs Act or the federal mandamus statute, 28 U.S.C. § 1361 (1982), such power should not have been exercised under the circumstances of this case. Collateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings. Motions under the federal habeas statute must be brought in the sentencing court, preferably before the sentencing judge who is most familiar with the case. *See Farrow v. United States,* 580 F.2d 1339, 1349–51 (9th Cir.1978) (en banc); 28 U.S.C. § 2255 (1982). If the original judge is unavailable, the original court still is preferred to other courts, particularly because potential witnesses usually reside in that jurisdiction. *See United States v. Condit,* 621 F.2d 1096, 1098 n. 3 (10th Cir.1980) (citing *Napoles v. United States,* 536 F.2d 722, 725 (7th Cir.1976)). As Judge McKay reasoned in *Condit:*

> "The district court in the best position to evaluate the movant's claims retains jurisdiction. An appellate court's supervisory control over the district courts in its circuit remains undiminished. If other circuits were to become the situses for routine collateral attacks on the procedures followed by district courts of the Tenth Circuit, there would be a substantial danger of inconsistent, even contradictory decisions."

621 F.2d at 1098.

 We hold that an action attacking a federal criminal conviction should be brought in the district court that rendered the conviction, at least so long as a remedy is available there. Carter's challenge to the perjury conviction can be heard in the Georgia federal court where it was obtained, because the Eleventh Circuit recognizes that, in extraordinary circumstances,

coram nobis is a proper remedy. *See Granville v. United States*, 613 F.2d 125, 126 n. 1 (5th Cir.1980); *Cline v. United States*, 453 F.2d 873, 874 (5th Cir.1972).[3] Consequently, we hold that the district court should have declined to exercise jurisdiction over Carter's challenge to his 1962 perjury conviction in the Middle District of Georgia.

## II.

### 1977 INJUNCTION

Carter also seeks relief from a 1977 Texas federal court injunction imposing conditions on his filing of lawsuits. The events culminating in the issuance of the injunction are reported at length in *Carter v. Telectron, Inc.*, 452 F.Supp. 944 (S.D.Tex. 1977). The court found that Carter, proceeding pro se and in forma pauperis, had filed at least 178 lawsuits around the country that often were "duplicative" and "harassing," *id.* at 946–47, and which disclosed untrue declarations of domicile and indigency, *id.* at 952–53, 992–94, and failed to provide notice to defendants, *id.* at 994–96. To control potential future abuses, the court issued a mandatory injunction requiring Carter, among other things: to send copies of complaints to defendants in addition to using appropriate service of process, and to submit documentary evidence of receipt to the court; to disclose similar filings; and to send a copy of every complaint thereafter filed in any court to the staff law clerk in the Southern District of Texas. *See id.* at 1002–03.

■ The district court correctly held this claim barred by *Carter I*, 733 F.2d 735, where we held that "the district court is without jurisdiction to afford relief from a mandatory injunction issued from a federal district court in another circuit." [4] *Id.* at 736.

The petition for rehearing is granted and the Order and Judgment filed April 23, 1985 is vacated. The order of the district court dismissing this action is affirmed.

---

**3.** Decisions of the Fifth Circuit rendered on or before September 30, 1981 constitute binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

**4.** Historically, it has been within the equitable powers of a federal court to grant relief from a civil judgment issued by another federal court. *See Oliver v. City of Shattuck ex rel. Versluis*, 157 F.2d 150, 152 (10th Cir.1946). The federal courts may entertain such independent actions in cases of fraud, accident, or mistake, or when equitable relief is otherwise warranted. *See Bankers Mortgage Co. v. United States*, 423 F.2d 73, 78–79 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970); Fed.R. Civ.P. 60(b); 7 J. Moore, Federal Practice ¶ 60.36, at 366–67 & n. 7 (2d ed. 1985); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 242–43 (1973).

Courts have declined to exercise jurisdiction over such claims when they may be brought in the court which entered the judgment. *See, e.g.,*

*Lapin v. Shulton, Inc.*, 333 F.2d 169 (9th Cir.), *cert. denied*, 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964):

"[F]or a nonissuing court to entertain an action for such relief would be seriously to interfere with, and substantially to usurp, the inherent power of the issuing court ..., to supervise its continuing decree by determining from time to time whether and how the decree should be supplemented, modified or discontinued in order properly to adapt it to new or changing circumstances.

"We need not go so far as to hold that these considerations and this interpretation of Rule 60(b) deprive all courts other than the issuing court of jurisdiction in such a case as this. *We do hold that considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.*"

*Id.* at 172 (emphasis added).