933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Joseph C. SUN, Petitioner-Appellant,
v.
Warden A. BELASKI, Respondent-Appellee.
 No. 90-1309.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joseph C. Sun, appearing pro se, appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The district court denied the petition and we affirm.
 
 
 3
 Sun was convicted on September 18, 1987 by a jury in the United States District Court for the Northern District of Georgia of one count of forgery and two counts of mail fraud, all in violation of federal statutes. He was sentenced to five years imprisonment on each count, to be served consecutively. After filing several unsuccessful motions in the sentencing court in Georgia, one of which may still be on appeal to the Eleventh Circuit Court of Appeals, Sun, then an inmate at the Federal Correctional Institution in Englewood, Colorado, filed a habeas petition in the United States District Court for the District of Colorado. He challenged his sentence and alleged that judges in the Georgia District court and the Eleventh Circuit had conspired to deprive him of meaningful access to the courts. He also asserted his entitlement to parole.
 
 
 4
 The district court denied the petition, in part in reliance upon section 2255's directive that actions to correct illegal sentences must be brought in the sentencing court (in this case the district court in Georgia) and in part because Sun had failed to exhaust administrative remedies regarding certain of his claims. His appeal to this court of that denial was dismissed on July 13, 1990, pursuant to his own motion.
 
 
 5
 Before that first appeal was dismissed by this court, Sun filed the present petition for a writ of habeas corpus, alleging (1) that a United States District Court judge in Georgia has engaged in criminal activities and is predisposed to dismiss or deny all of his filings; (2) that the Bureau of Prisons persists in transferring him and placing him in "cellhouse detention," with the result that his filings are improperly and inadequately prepared; (3) that he should be granted an evidentiary hearing in which to prove his innocence of the crimes for which he was convicted and to prove the existence of a criminal scheme by the federal judiciary in Georgia; and (4) that other judges in Georgia have become prejudiced against him and repeatedly dismiss his filings. He supplemented the petition with the further allegation that his sentence violates the Double Jeopardy Clause of the Fifth Amendment. Sun also moved for a temporary restraining order and to enjoin alleged harassment he suffers at the hands of prison employees and inmates, and to enjoin a claimed pending transfer to another federal facility. He further moved to be released on bond pending disposition of his case.
 
 
 6
 The magistrate judge to whom the matter was referred recommended that the petition be dismissed because (1) Sun had not demonstrated exhaustion of all administrative remedies with respect to certain of his claims; (2) his double jeopardy claim should be brought in the sentencing court; and (3) all his claims are "conclusory statements without supporting factual allegations." Recommendation at 5, R.Vol. I Tab 7. The district court adopted the recommendation and entered an order denying Sun's various motions and dismissing his habeas petition "all without prejudice to reassert these matters after exhaustion of administrative remedies." Order at 2, R.Vol. I Tab 10.
 
 
 7
 Sun makes three arguments in this appeal: (1) he properly brought his habeas petition in the Colorado district court because his remedy by motion in the sentencing court is "inadequate or ineffective to test the legality of his detention" under 28 U.S.C. Sec. 2255, in view of the alleged bias of the Georgia federal judiciary; (2) his sentence to consecutive five year terms on the two mail fraud counts violates the double jeopardy clause; and (3) the district court order was "too vague to inform the petitioner of any actual ruling made by the court."[1] We reject all of these arguments for multiple reasons.
 
 
 8
 We first note, as did the magistrate judge, that Sun's petition, while styled a section 2241 petition, actually includes at least one claim more in the nature of an attack on the validity of his conviction and sentence. Such an attack is properly brought under section 2255. His remaining claims could be viewed as either challenges to the conditions of his confinement properly brought under section 2241 or as civil rights claims brought under 28 U.S.C. Sec. 1331 or Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
 
 
 9
 A federal prisoner who seeks relief under section 1241 or under section 1331 or Bivens must first exhaust administrative remedies. As the district court held, Sun has not demonstrated that he exhausted his administrative remedies with respect to those of his claims relating to the conditions of his imprisonment. Accordingly, those claims could be dismissed on that ground.[2]
 
 
 10
 Sun's claim that his sentence violates the double jeopardy clause, and his claimed entitlement to a hearing to prove his innocence of the crimes for which he was convicted, are more in the nature of an attack on the validity of his conviction and sentence. These are properly brought under section 2255 and in the sentencing court:
 
 
 11
 An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
 
 
 12
 28 U.S.C. Sec. 2255 (emphasis added). See also Carter v. Attorney General, 782 F.2d 138, 141 (10th Cir.1986) ("[A]n action attacking a federal criminal conviction should be brought in the district court that rendered the conviction, at least so long as a remedy is available there."). Sun argues that his remedy by motion in the sentencing court in Georgia is inadequate or ineffective because the motions already filed in that court have been denied and, more fundamentally, because the federal judiciary in Georgia has engaged in a criminal scheme and is prejudiced against him. Neither argument is persuasive. "A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). Sun presents no persuasive reason why his remedy is inadequate or ineffective in the sentencing court. Thus, this court lacks jurisdiction over his attack on his conviction and sentence, including his double jeopardy claim.
 
 
 13
 Finally, we agree with the magistrate judge that his claims, particularly his allegations of criminality and bias among the federal judiciary, are vague and conclusory and wholly devoid of specific factual support.
 
 
 14
 The judgment of the district court, holding that Sun's section 2241 challenges to the conditions of his confinement were not exhausted, that the district court lacked jurisdiction to hear his section 2255 attack on the validity of his conviction and sentence, and that all of his claims as presented in his petition were fatally vague and conclusory, is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In his Reply Brief, Sun dropped the issue of his release on bond pending disposition of this case
 
 
 [2]
 While the district court's order did not specify which issues were not exhausted, the court did adopt the entire recommendation of the magistrate judge. The magistrate judge's recommendation specified in some detail the various grounds, including exhaustion, for dismissing Sun's petition. We therefore reject Sun's argument that the district court's order was impermissibly vague