Sidney A. POTTS, Petitioner,

v.

UNITED STATES of America and T.R. Kindt, Respondents.

No. CIV–92–1608–C.

United States District Court, W.D. Oklahoma.

Nov. 2, 1992.

Sidney A. Potts, pro se.

Kay D. Sewell, U.S. Attorney's Office, Oklahoma City, OK, for respondents.

## ORDER

CAUTHRON, District Judge.

On August 24, 1992, the undersigned Judge referred this case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 8(b) of the Rules Governing § 2255 proceedings. On October 13, 1992, the Magistrate Judge filed a Report and Recommendation. In that report, petitioner was advised that any objection must be filed no later than October 28, 1992. On October 20, 1992, petitioner filed an objection that addresses the Report and Recommendation.

■ Local Rule 39(B)(3) authorizes Magistrate Judges to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations to the Court regarding dispositive matters. W.D.Okla.R. 39(B)(3); *see* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). These determinations are reviewed by this Court by a *de novo* standard of review. *See Colorado Bldg. and Const. Trades Council v. B.B. Andersen Const. Co.*, 879 F.2d 809, 810–811 (10th Cir.1989); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir.1988); 28 U.S.C. § 636(b)(1)(C); W.D.Okla.R. 39(D). The Local Rule provides:

A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The judge, however, need conduct a new hearing only in his [or her] discretion or where required by law, and may consider the record developed before the magistrate [judge], making his [or her] own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate [judge] with instructions.

W.D.Okla.R. 39(D); *see* H.R.Rep. No. 94–1609, 94th Cong., 2d Sess., *reprinted at* (1976) *U.S.Code Cong. & Admin. News* 6162 (the legislative history of § 636 makes it clear that a *de novo* determination does not necessarily mean a *de novo* hearing).

In a *de novo* review, the reviewing court should make an independent determination of the issues ...; [it] "is not to give any special weight to the [prior] determination".... The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he [or she] is not satisfied, he [or she] may conduct the review in whole or in part anew. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d at 1464 (quoted citations omitted).

■ While "*de novo*" is typically a standard of review utilized only in a review of fact-finding, the use of that standard in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b) reveals an intent that it can be used to review legal determinations as well. 28 U.S.C. § 636(b)(1)(B) authorizes Magistrate Judges to recommend action on dispositive issues review those recommendations *de novo*. The Magistrate Judge's recommendations to the Court have no presumptive weight and the responsibility of making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976).

■ The Magistrate Judge construed the petition as one seeking relief under 28 U.S.C. § 2241 and recommended the petition be dismissed as frivolous. The Court has carefully considered petitioner's objections consistent with the standards enunciated above, and finds this Court is without jurisdiction to consider petitioner's claims. The petitioner seeks to attack his federal conviction. Although he is incarcerated in this jurisdiction, there is a remedy in the jurisdiction where the conviction was entered. *Carter v. Attorney General of the U.S.*, 782 F.2d 138, 141

(10th Cir.1986). As petitioner's claims are frivolous and not brought in good faith, any request for appeal *in forma pauperis* will be denied. The Magistrate Judge's Report and Recommendation is adopted, the petition for writ of habeas corpus is denied, and this case is dismissed.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HOWLAND, United States Magistrate Judge.

This cause of action is purportedly brought under 28 U.S.C. § 2241 by a federal prisoner incarcerated at the Federal Correctional Institution (F.C.I.) in El Reno, Oklahoma. The cause has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B), for written findings and a recommendation. The petition for writ of habeas corpus and a "Supplement to Petition" filed herein on August 20, 1992, contain the sole argument that the convictions in the District of Alaska under which Petitioner is incarcerated were obtained in violation of the Fourth Amendment's prohibition of "illegal search and seizure." Respondent, who is the Warden at F.C.I., El Reno, has moved to dismiss the petition for want of jurisdiction over the cause of action in view of the provisions of 28 U.S.C. § 2255. The Petitioner's "Motion for Judgment of Default" filed October 6, 1992, has been mooted by the Order of October 1, 1992. Even though it is unexecuted, the undersigned has reviewed and considered the Petitioner's "Objection to Defendant's Motion and brief ...," submitted in response to Respondent's motion to dismiss.

 This Court must *sua sponte* satisfy itself of subject matter jurisdiction, regardless of what point in the litigation the issue arises. *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir.1986); *Tafoya v. United States Dept. of Justice, Law Enforcement Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir.1984). The Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). Any action, regardless of how it is characterized by the litigant, which attacks a federal conviction, "should be brought in the district court that rendered the conviction, at least so long as a remedy is available there." *Carter v. Attorney General of the United States*, 782 F.2d 138, 141 (10th Cir. 1986). As the Petitioner admits that a § 2255 motion filed in the sentencing court was dismissed without prejudice, and that the conviction is presently on appeal to the Ninth Circuit, there are available avenues for review of Petitioner's claims challenging his conviction that are preclusive of this proceeding or § 2255 at this time. Therefore, this Court is without jurisdiction to consider Petitioner's claims merely because he is incarcerated in this jurisdiction. *Von Ludwitz v. Ralston*, 716 F.2d 528 (8th Cir.1983).

Accordingly, the undersigned recommends that judgment issue denying the writ of habeas corpus and dismissing the petition. Petitioner's "Motion for Judgment of Default ...," based on Respondent's alleged failure to answer the petition, is overruled in view of the Motion to Dismiss for lack of jurisdiction. *See* Rule 12(b)(6), Fed.R.Civ.P., 28 U.S.C.A. The Clerk is directed to file the "Objection to Defendant's Motion ..." in its present unexecuted form instanter. As there are no material issues of fact or law warranting further review, this action is frivolous and not brought in good faith, and it is recommended that an appeal *in forma pauperis* be denied. By law, the parties are granted until the 28th day of October, 1992, within which to file an objection, failing which this may become the final Order of the Court without further notice. This enlargement of the statutory period of time obviates the need for any motion for an extension of time.

Entered this 13th day of October, 1992.