982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James C. LUMAN, Defendant-Appellant.
 No. 92-7078.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant James C. Luman appeals the district court's denial of his petition for writ of error coram nobis in which Defendant seeks to set aside his 1971 convictions and sentences. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 2
 In 1971, Defendant pleaded guilty to charges of concealing a stolen motor vehicle which had moved in interstate commerce (offense 27895), in violation of 18 U.S.C. § 2313, and transporting a stolen motor vehicle in interstate commerce (offense 27906), in violation of 18 U.S.C. § 2312. The latter charge was the product of a Fed.R.Crim.P. 20 transfer from the United States District Court for the Western District of Missouri to the District Court for the Eastern District of Oklahoma. Defendant was sentenced to and served terms of two years imprisonment for each offense. Defendant now seeks relief asserting that his 1971 pleas have led to an enhanced sentence of 64 years imprisonment for a 1990 attempted grand larceny conviction under an Oklahoma recidivist statute.
 
 
 3
 Defendant filed a petition for writ of error coram nobis in the district court, claiming that his convictions and sentences were invalid because: (1) the sentencing court, in accepting his guilty plea, did not strictly comply with Fed.R.Crim.P. 11, and (2) his pleas of guilty were not voluntary and knowing. The district court below, adopting the magistrate's findings and recommendations, denied Defendant's petition finding that the sentencing court strictly followed the provisions of Rule 11, and that the record clearly indicates that Defendant's plea was made with an understanding of the nature of the charges and consequences of his plea.
 
 
 4
 "When habeas corpus is an inadequate remedy, a criminal conviction may be attacked by means of the common law writ of error coram nobis." Carter v. Attorney General of United States, 782 F.2d 138, 141 (10th Cir.1986). However, a writ of coram nobis is an extraordinary means of relief available "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). The writ is appropriate only where the alleged error is jurisdictional or constitutional. Klein v. United States, 880 F.2d 250, 253 (10th Cir.1989). "[A]bsent a complete miscarriage of justice, ... society's interest in finality would not be served by granting the relief requested." United States v. Williamson, 806 F.2d 216, 222 (10th Cir.1986).
 
 
 5
 We first dispose of Defendant's claim that the sentencing court failed to strictly comply with Fed.R.Crim.P. 11. Strict compliance with Rule 11 is not constitutionally mandated. McCarthy v. United States, 394 U.S. 459, 465 (1968). Therefore, Defendant's claim that the sentencing court failed to comply with Rule 11 does not raise a constitutional issue, and may not be addressed via the writ of error coram nobis.
 
 
 6
 As to Defendant's second claim, a guilty plea may be involuntary in the constitutional sense if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). See also Boykin v. Alabama, 395 U.S. 238, 243 (1968). Therefore, Defendant's claim that his pleas were not voluntary and knowing raises a constitutional issue, and, as such, may be raised in the writ of error coram nobis.
 
 
 7
 When a defendant pleads guilty to an offense, our initial inquiry is whether the record affirmatively shows that the defendant voluntarily and knowingly entered his plea of guilty. See Boykin, 395 U.S. at 244. In determining whether the record adequately does this, we look to the totality of the circumstances surrounding the plea, taking into account such factors such as: the complexity of the offense, the characteristics of the defendant, and whether the defendant was represented by counsel. See United States v. Cusenza, 749 F.2d 473, 475 (7th Cir.1984) (defendant's understanding of charge established by totality of circumstances). Moreover, when a defendant collaterally attacks a final conviction, we presume that the proceedings leading to the conviction were correct. Parke v. Raley, No. 91-719, 1992 WL 347976, at * 6 (U.S. Dec. 1, 1992).
 
 
 8
 Offense 27906 charged Defendant with transporting a stolen motor vehicle in interstate commerce, in violation of 18 U.S.C. § 2312. Defendant now claims that this offense was only referred to as a "Dyer Act" violation, and he had no idea what a Dyer Act violation was. Offense 27895 charged Defendant with concealing a stolen motor vehicle, in violation of 18 U.S.C. § 2313. Defendant now claims that he did not realize that offense 27906 involved his sister's vehicle, a 1968 Chevrolet Impala. Defendant contends that he mistakenly thought offense 27895 charged him with concealing the same vehicle (1970 Dodge) that he was charged with transporting in offense 27906. Defendant now says he never would have pleaded guilty to offense 27895 had he known it involved his sister's vehicle in which, he now alleges, he had a possessory interest.
 
 
 9
 In reviewing the transcripts of the Rule 11 and sentencing hearings, we first note that the court failed to inquire of the Defendant whether he understood the nature of both offenses. The transcripts do reveal, however, that Defendant and his counsel, who were present at both hearings, received the informations for both charges, and counsel had discussed the informations with Defendant prior to his pleading. The informations fully recite the elements of each offense and identify the vehicles involved in each offense. Defendant does not dispute that he received the informations, nor that his counsel explained their contents to him. Additionally, Defendant's signature is affixed to the waiver of indictments for both offenses, and both waivers clearly recite the elements of the offenses and the vehicles involved in each. The elements of offense 27895 are also recited by Defendant's counsel, on the record, prior to Defendant's plea to offense 27895, Tr. of March 26, 1971 Hr'g at 5, and Defendant's counsel refers to offense 27895, at the sentencing hearing, as "a family affair." Tr. of Apr. 16, 1971 Hr'g at 2.
 
 
 10
 Further, the record must be reviewed in light of the fact that Defendant was represented by counsel, the offenses were not so complex that a lay person of average intelligence could not understand them, and Defendant was not new to the criminal justice system, having been charged with eight offenses prior to March of 1971. Viewing the circumstances in their totality, we hold that the record affirmatively shows that Defendant's guilty pleas were voluntary and knowing.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3