991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William HARVEY, Petitioner-Appellant,
v.
William PERRILL, Warden of FCI Englewood at Littleton,
Colorado, Respondent-Appellee.
 No. 92-1380.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 William Harvey, a prisoner at FCI Englewood, Littleton, Colorado, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the United States District Court for the District of Colorado. Mr. Harvey contended he had been convicted twice in the United States District Court for the District of Montana. He alleged his first conviction was for possessing an unregistered machine gun, an offense we found constitutionally invalid in United States v. Dalton, 960 F.2d 121 (10th Cir.1992). He asserted he had completed the sentence for that conviction but was presently in custody under a sentence arising from a second and unrelated conviction. Mr. Harvey alleged the first conviction adversely affects the custody status, security level, and "public safety factor" of his present confinement. The Colorado district court dismissed the petition on jurisdictional grounds. Mr. Harvey appeals, and we affirm.
 
 
 3
 The essential issue of this case is where to insert the seminal point raised by Mr. Harvey: the invalidity of his first conviction. He argues because of the collateral effect of his first conviction and because he still has to serve a term of supervised release as part of his first sentence, he is in custody under the first sentence for the purpose of habeas corpus. He therefore insists that he may proceed under § 2241 simply because he is not challenging the validity of the sentence arising from his second conviction.
 
 
 4
 The district court conceded Mr. Harvey has satisfied the custodial element of his claim, but disagreed with his jurisdictional argument and held Mr. Harvey's remedy lies exclusively within 28 U.S.C. § 2255. Consequently, the court denied the petition and dismissed for lack of jurisdiction. We agree entirely with the district court's analysis.
 
 
 5
 Although Mr. Harvey argues his failure to challenge his second conviction allows him to proceed under § 2241, we think he has missed the point. The only way he can obtain the ultimate relief he seeks is to prove his firearms conviction is constitutionally invalid though a proper collateral attack. Although his first conviction arguably may be voidable under the law of this circuit, that conviction stands until it is vacated by a court of competent jurisdiction. The only avenue to reach the goal of avoiding the first conviction is through § 2255. Additionally, by clear mandate of that statute, the only court which can afford him the relief he seeks is the district court in Montana where the voidable conviction was obtained. Carter v. Attorney General, 782 F.2d 138, 141 (10th Cir.1986); United States v. Condit, 621 F.2d 1096, 1097 (10th Cir.1980).
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3