16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry Iron CLOUD, Petitioner-Appellant,
v.
William PERRILL, "Bill," Warden, Federal Correctional
Institution-Englewood, Respondent-Appellee.
 No. 93-1365.
 United States Court of Appeals,
 Tenth Circuit.
Jan. 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Larry Iron Cloud petitioned the district court for the District of Colorado for habeas corpus relief contending the court which sentenced him, the district court for the District of South Dakota, did not have jurisdiction to sentence him as an adult. Finding that petitioner failed to demonstrate relief under 28 U.S.C. 2255 was inadequate, the Colorado district court denied the petition. That ruling was not erroneous.
 
 
 3
 It is beyond argument that an attack upon a sentence, which the petitioner has raised in this case, must be mounted under 28 U.S.C. 2255.[2] Thus, instead of the action filed in Colorado, petitioner's only avenue for relief is to file an appropriate motion in the court which sentenced him. Carter v. Attorney General, 782 F.2d 138, 141 (10th Cir.1986).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---
 
 
 [2]
 "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground ... the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence."