48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold Wayne PIONTEK, Petitioner-Appellant,
v.
W.A. PERRILL, Warden, Respondent-Appellee.
 No. 94-1450.
(D. C. No. 94-C-1591)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Harold W. Piontek, a federal prisoner, appeals an order of the district court dismissing his motion for collateral relief pursuant to 28 U.S.C. 2241. We have jurisdiction under 28 U.S.C. 1291 and we affirm.
 
 
 3
 Mr. Piontek was convicted in federal district court in Wisconsin of fourteen counts of interstate transportation and sales of stolen automobiles. The United States Court of Appeals for the Seventh Circuit affirmed his conviction, rejecting his Speedy Trial Act claim, which was the sole claim presented on appeal. See United States v. Piontek, 861 F.2d 152 (7th Cir.1988).
 
 
 4
 Mr. Piontek then filed a motion pursuant to 28 U.S.C. 2255 in the United States District Court for the District of Wisconsin alleging numerous claims for relief. The district court denied the motion on the ground that Mr. Piontek's failure to assert these claims in his direct appeal constituted a procedural bar to subsequent review. Cf. United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994) (discussing the procedural bar rule with respect to 2255 motions). The Seventh Circuit affirmed, concluding the claims in question were barred, and further, that Mr. Piontek had failed to demonstrate cause and prejudice for his default[2] or that the failure to consider his claims would result in a fundamental miscarriage of justice. See Piontek v. United States, 1993 WL 181397, 996 F.2d 1219 (7th Cir.1993) (unpublished opinion) (table case), cert. denied, 114 S.Ct. 719 (1994).
 
 
 5
 After Mr. Piontek was transferred to a federal correctional facility in Colorado, he initiated this action pursuant to 28 U.S.C. 2241. Construing this pleading liberally, the magistrate judge interpreted it as motion for relief under 2255, and recommended dismissal for two reasons. First, the magistrate judge concluded that this petition constituted a "successive" petition because the claims now asserted were identical to the issues presented in his earlier petition filed in Wisconsin.[3] Cf. Parks v. Reynolds, 958 F.2d 989, 994 (10th Cir.) (discussing successive petitions under 28 U.S.C. 2254), cert. denied, 112 S.Ct. 1310 (1992). Second, the magistrate judge determined that it was inappropriate for the federal courts in Colorado to review a post-conviction motion challenging the validity of a federal conviction in Wisconsin, relying on our decision in Carter v. United States Attorney General, 782 F.2d 138, 141 (10th Cir.1986) ("We hold that an action attacking a federal criminal conviction should be brought in the district court that rendered the conviction, at least so long as a remedy is available there."); accord United States v. Condit, 621 F.2d 1096, 1098 (10th Cir.1980).
 
 
 6
 Mr. Piontek filed his objections to the report and recommendation. The district court adopted the second ruling by the magistrate judge and dismissed the motion for relief on the authority of Carter and Condit without opining on the ruling that this pleading constituted a successive petition. Mr. Piontek filed a timely notice of appeal.
 
 
 7
 After reviewing the petition and Mr. Piontek's brief on appeal, we agree that Carter and Condit control in this case and that the United States District Court for the District of Colorado correctly declined to exercise jurisdiction over Mr. Piontek's present petition. See Carter, 782 F.2d at 142. As we stated in Condit, "[i]f other circuits were to become the situses for routine collateral attacks on the procedures followed by the district courts of the Tenth Circuit, there would be a substantial danger of inconsistent, even contradictory, decisions." Condit, 621 F.2d at 1098. Moreover, there can be no doubt that the United States District Court for the District of Wisconsin does in fact have procedures in place for collaterally attacking a conviction such that it is an appropriate and adequate forum within which to challenge a conviction. See Carter, 782 F.2d at 141.
 
 
 8
 Based on the concerns expressed in Carter and Condit, we AFFIRM the district court's dismissal of Mr. Piontek's petition for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Seventh Circuit rejected Mr. Piontek's claim that he had shown cause for his default based on his allegation of ineffective assistance of counsel, finding Mr. Piontek failed to provide any facts to support this claim
 
 
 [3]
 Because a petition under 2241 is not an additional, alternative or supplemental remedy to 2255, see Williams v. United States, 323 F.2d 672, 673 (10th Cir.1963), cert. denied, 377 U.S. 980 (1964), it was not error to compare the claims in this petition to the claims in the earlier petition to determine whether this petition constituted a successive petition