62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Irwin KOFF, Petititioner-Appellant,
v.
FEDERAL BUREAU OF PRISONS, Tom Wooten, Warden, Respondents-Appellees.
 No. 95-1038.
(D.C.No. 94-Z-2398)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner was convicted in the United States District Court for the Eastern District of California of violating 18 U.S.C. 2 and 287 and 26 U.S.C. 7206(1) and 7212(a). He filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. 2241, in the District of Colorado. The district court dismissed the petition, and petitioner now appeals.
 
 
 3
 Petitioner claims that he is not a "person" within the meaning of 26 U.S.C. 7701(a)(1). This argument constitutes an attack on the conviction itself--not an attack on the Bureau of Prisons' execution of the punishment. Consequently, petitioner must file his petition under 28 U.S.C. 2255, and he must file the petition in the sentencing court. See Carter v. Attorney General of the United States, 782 F.2d 138, 141 (10th Cir.1986). The district court's opinion, a copy of which is attached hereto, correctly analyzed petitioner's claims. We therefore AFFIRM the district court's dismissal of the petition.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470