**UNITED STATES COURT OF APPEALS**
**Filed 6/5/96**
**TENTH CIRCUIT**

THOMAS DEAN WEBB,

      Petitioner-Appellant,

v.

JOSEPH T. BOOKER, Warden; UNITED
STATES PAROLE COMMISSION,

      Respondents-Appellees.

No. 96-1034
(D.C. No. 95-M-2163)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[1]

Petitioner Thomas Dean Webb pled guilty in the United States District Court for

the Eastern District of California to conspiracy and possession, and aiding and abetting

with possession, with intent to distribute a controlled substance in violation of 21 U.S.C.

§§ 846 and 841(a)(1) and 18 U.S.C. § 2.  On June 23, 1986, Webb was sentenced, <u>inter</u>

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

alia, to a fifteen year suspended sentence with a five year term of probation. Webb was paroled on June 15, 1988.

While serving his five year term of probation, Webb was convicted in California Superior Court for narcotic offenses. On November 19, 1990, he was sentenced to the California Department of Corrections for a prison term of eight years and four months. Based on the state convictions, Webb's probation was revoked and he was sentenced in the United States District Court for the Eastern District of California to a fifteen year term of imprisonment. That sentence included a special parole term of ten years. On May 18, 1994, Webb was released from the California Department of Corrections into the custody of the United States Bureau of Prisons to begin serving his fifteen year federal term of imprisonment.

On June 6, 1995, the Parole Commission conducted a parole hearing to consider Webb's application for parole on his fifteen year term. This application was ultimately denied on June 26, 1995, and the Commission ordered Webb to continue to a presumptive parole date of April 14, 2001. On July 10, 1995, Webb requested a thirty day extension of time in which to file an administrative appeal of the Commission's decision. The Commission granted Webb a sixty day extension, however, Webb did not file an administrative appeal.

On August 23, 1995, Webb filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. At the

time of the filing, Webb was incarcerated at the Federal Correctional Institute at Florence, Colorado. He is now housed at the Federal Correctional Institute at El Paso, Texas. The district court retained jurisdiction despite Webb's transfer. In the Petition, Webb claimed that the sentencing court illegally sentenced him to a term of special parole and that the Parole Commission improperly exceeded the parole guidelines in determining Webb's presumptive parole date. On December 4, 1995, a United States Magistrate recommended that the case be dismissed because Webb failed to exhaust his administrative remedies and because he failed to challenge the legality of his special term in the sentencing court. The district court adopted the magistrate's recommendation on December 21, 1995 and dismissed the case.

We grant Webb's motion for leave to proceed on appeal in forma pauperis and affirm the district court's Order of Dismissal for substantially the same reasons set forth therein. With respect to Webb's claim that the Parole Commission erred in setting his presumptive parole date, he has failed to exhaust his administrative remedies. Webb failed to appeal the Commission's decision with the National Appeals Board of the USPC. Therefore, this claim was properly dismissed by the district court. See Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987). The district court also lacked jurisdiction to consider Webb's attack on the sentence imposed by the sentencing court in the Eastern District of California. Although the petition is styled as a habeas corpus petition under 28 U.S.C. § 2241, Webb challenges the validity of the imposed sentence, thus his claim

should have been brought pursuant to 28 U.S.C. § 2255. <u>Johnson v. Taylor</u>, 347 F.2d 365, 366 (10th Cir. 1965). Webb has made no showing that his remedies under § 2255 would be inadequate or ineffective to test the legitimacy of his sentence. Furthermore, the sentencing court, in this case the United States District Court for the Eastern District of California, is the proper forum for a § 2255 petition. <u>Id.</u> at 367 (§ 2255 is meant to "provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined"); <u>Carter v. Attorney General</u>, 782 F.2d 138, 141 (10th Cir. 1986) ("Motions under the federal habeas statute must be brought in the sentencing court, preferably before the sentencing judge who is most familiar with the case."). For these reasons, we **AFFIRM** the dismissal of Webb's petition in the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 4 -