**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

ROBERT D. SPARROW,

      Defendant - Appellant.

No. 98-4192
(D.C. No. 97-CV-359-K)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

      Mr. Sparrow, appearing pro se and in forma pauperis, seeks a certificate of appealability to appeal from the denial of his motion to vacate, set aside or correct his sentence. See 28 U.S.C. § 2255. He also seeks a writ of mandamus requiring the district judge to show cause, in so many words, for not granting his § 2255 motion. We deny a certificate of appealability, dismiss the appeal and deny the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

petition for a writ of mandamus.

## Background

In November 1995, Mr. Sparrow plead guilty to one count of wire fraud. He later unsuccessfully sought to withdraw his plea, and was sentenced to twenty-four months imprisonment followed by three years supervised release. Mr. Sparrow filed a notice of appeal on February 6, 1997, and on May 7, 1997, he filed his first § 2255 motion. After counsel filed an Anders brief raising four issues, Mr. Sparrow moved to dismiss his appeal over the government's objection, and that motion was granted on December 4, 1997. On December 17, 1997, Mr. Sparrow filed another § 2555 motion. The magistrate judge consolidated the two motions for disposition.

In his motions, Mr. Sparrow sought relief based upon (1) improper broadening of the count of conviction to include aiding and abetting, (2) expiration of the limitations period, (3) incorrect application of the sentencing guidelines based upon an inaccurate presentence report, (4) ineffective assistance of counsel, and (5) cruel and unusual punishment. The magistrate judge correctly determined that all claims, save ineffective assistance of counsel, were procedurally barred given the voluntary withdrawal of the direct appeal. See II R. doc. 60. The magistrate judge determined that Mr. Sparrow's dissatisfaction with

the appellate brief submitted by counsel and his lack of confidence in the appeal did not constitute "cause" and Mr. Sparrow had not demonstrated factual innocence.

The magistrate judge rejected the ineffective assistance of counsel claims on the merits, holding that (1) Mr. Sparrow had not demonstrated a reasonable probability that he would have proceeded to trial but for counsel's purportedly inaccurate estimate of sentence, (2) an erroneous estimate does not constitute ineffective assistance of counsel, particularly where the plea colloquy belied Mr. Sparrow's assertions, (3) the successful efforts of Mr. Sparrow and his counsel that resulted in a lower loss calculation than contained in the presentence report did not constitute deficient performance, and (4) Mr. Sparrow's voluntary withdrawal of his appeal precluded his ineffective assistance of appellate counsel claim. The district court adopted the report and recommendation over Mr. Sparrow's objections. See II R. doc. 69.


Discussion

A plea of guilty and a conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). Once a judgment of conviction has become final, a collateral attack ordinarily is foreclosed if the

plea was counseled and voluntary. See id. A guilty plea must be knowing and voluntary, the product of a voluntary and intelligent choice among a defendant's alternatives. See Parke v. Raley, 506 U.S. 20, 28-29 (1992).

On appeal, Mr. Sparrow argues that (1) he was denied effective assistance of counsel because he was not adequately advised about the offense and the rights being waived, (2) the presentence report was fatally flawed with clearly inadequate information, and (3) the count of conviction is time-barred.

To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) that counsel's performance was so deficient that the defendant did not receive a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In the guilty plea context, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

A plea may be involuntary where an attorney materially misrepresents the consequences of the plea; however, standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary. See Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir. 1989); see also Lasiter v. Thomas, 89 F.3d 699, 702-03 (10th Cir. 1996); United States v. Gordon, 4 F.3d 1567, 1570-71

(10th Cir. 1993); United States v. Rhodes, 913 F.2d 839, 842-44 (10th Cir. 1990). The transcript of the change of plea hearing fully supports adequate advice by the district court and a knowing and voluntary plea. See III R. doc. 19, tab 5 at 5 (Tr. 11/16/95). As the district court explained at the hearing on Mr. Sparrow's motion to withdraw his guilty plea, information later appearing in the presentence report concerning the amount of the loss (or criminal history) does not render the plea unknowing and involuntary, see VII R. Tr. 6/28/96 at 6, nor does counsel's optimistic estimate on incomplete information regarding the sentence.

Mr. Sparrow contends that the presentence report was inaccurate because no loss was occasioned; however, the district court employed its own methodology and did not accept the presentence report. Given that the district court need only make a reasonable estimate of the loss, see USSG § 2F1.1, comment. (n.8), and its findings would be subject to review for clear error, see United States v. Moore, 55 F.3d 1500, 1501 (10th Cir. 1995), Mr. Sparrow's contention cannot furnish a basis for an ineffective assistance of counsel claim. Nor can his erroneous claim that the count of conviction is beyond the five-year limitations period.[1] See 18 U.S.C. § 3282. This point was raised on appeal by appellate counsel and abandoned when the appeal was dismissed at Mr. Sparrow's

---

[1] Even assuming that this claim was not waived, the indictment was filed in November 1994 alleging conduct occurring on or about April 1992.

insistence.  Finally, a request for mandamus relief is inappropriate as a

supplement a collateral attack brought under § 2255.  See Carter v. Attorney

General, 782 F.2d 138, 141 (10th Cir. 1986).

APPEAL DISMISSED.  Petition for Writ of Mandamus DENIED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge